Oh my heavens. Mr. Walker. Yes sir. I'm Wally Walker from Auburn for the appellate. I have three questions. Yes sir. Assuming that this arrangement is a criminal prosecution. Yes sir. Are you familiar with Heck v. Humphrey? No sir. Well, Heck v. Humphrey holds something like the following. That the only remedy in federal court from a conviction unconstitutionally obtained is through the writ of habeas corpus. Okay. And so assume your clients were convicted in state court as it were. Although they didn't go to the circuit court for the final say. They can't come to federal court under 1983. The only route they have is the writ of habeas corpus. That's one case. Another case is Younger v. Harris. Are you familiar with that? Younger point, assuming this is a civil matter, is the Rooker-Feldman doctrine. You're familiar with that? I am. Okay. So my problem is if you treat it as a civil case, Heck v. Humphrey is triggered. And if it, I mean, excuse me, criminal case. If it's a civil case, you have the Rooker-Feldman doctrine. And of course, in neither situation did your clients go through the whole system. They just aborted their efforts, I'll put it that way. Well, one went through part of it. No, one went, yes. But we're not here challenging their conviction nor their liability. And you have the Los Angeles chokehold case also, which is different altogether. But the challenge here and the issue is the jurisdiction of the district court that ruled on standing. Let's assume they're standing. Let's assume they're standing and you have a Heck v. Humphrey problem. Okay. Well, my point, Your Honor, is that these individuals were charged, whether it's criminal or civil. It makes a difference. It does. Okay. But they're charged and their claim is that the ordinance... I understand. But that happens in all kinds of criminal cases where the defendant challenges the legitimacy of the charging statute or ordinance, whatever it is, and due process arguments. Your case is all balled up into a constitutional challenge that you can't charge me under this kind of an apparatus. And then you don't give me due process because you've got a layman running things. I've got to go to court ultimately. That's classic criminal defenses. In a court with no jurisdiction. Yeah. And Heck v. Humphrey takes all that into account. Again, I understand the habeas piece of this, but I do not... No, Heck v. Humphrey is not in the federal courts in that scenario. In that context? Yeah. Yes, Your Honor. But if the ordinance is unconstitutional, as compared to them trying to appeal their conviction, if it was criminal... They could have gone to the Circuit Court of Alabama and said this is an unconstitutional statute. No, sir. Not a question about it. The Circuit Court in this circumstance sits as an appellate court. I understand that, but you raised the issue before the administrator. This is unconstitutional. The administrator says, no, I can't decide that because I'm not a judge. But there is a judge. You go to the Circuit Court. The Steve Augusta case says that the municipality cannot rule on the constitutionality of its own ordinance. I understand that, but the Circuit Court can. Not if it's not raised below. Oh, my heavens. Yeah, the council, it's hornbook law that if you can't raise it before the agency because it doesn't have the power, you surely raise it before the court, which does have the power. Okay, so you raise it in front of the Circuit Court. The Circuit Court. Yeah, then you say the statute is unconstitutional. Yeah, that then gets to the exhaustion issue. And Patsy versus the Board of Regents makes absolute... Oh, Patsy had nothing to do with this case. This is a criminal matter that you're alleging. I'm alleging that if it is criminal, there's certain violations. I understand that. And if it's civil, there's separate violations. Okay. The civil versus criminal dichotomy, even if it's determined to be civil as urged by the recollection of the city, does not end the inquiry. Doesn't win the case for them. The district court here found it had no standing. I understand. Let's assume that they're standing and the district court was wrong. Okay. Let's assume there just isn't any cause of action because you're barred. Well, that's... We don't have jurisdiction under Huckabee Humphrey at all. We don't have jurisdiction to entertain a 1983 claim in a criminal matter. Okay. But in terms of, and the court's aware of this, and if I don't need to address standing, I won't address standing. But the district court ruled it had no jurisdiction and stopped there as still counsels, as the seven case counsels. And then we were up here with the only assignment of error being the standing issue. And these people have not been finally convicted. They have not paid their fines. And as it relates to contesting the overall constitutionality of the ordinance and the conduct, whether it be civil or whether it be criminal, there is no requirement that we first give the state court a bite at that apple on federal constitutional grounds. And as it relates to the separate discrete issue that your honor has raised regarding challenging a state court conviction, and the only method by which to do that is through habeas corpus versus a 1983 civil action, they're not challenging their conviction. They're simply not doing that. They haven't been convicted yet. But the fact that they were cited under the ordinance is sufficient for the injury in fact. And again, steering away from standing if I don't need to deal with it. The problem with the district court, and this is the problem with a number of these cases, they focus on the process as being the injury in fact, and that being the conduct. So it's in essence merged together. Lujan is reflexively cited constantly with injury in fact, traceability slash causation, and redressability. I would recommend in the two minutes you've got left that you transition off of standing and talk about potential bars to you on the merits, whether it be Heck versus Humphrey, Rooker-Feldman, or just 12B6. Okay, well as it relates to 12B6, there hasn't been a ruling on that, and we didn't sign it as error on something that didn't happen. You acknowledge of course that we can affirm if we find sufficient basis in the record to conclude that there's no claim. I don't think this is a general case where you have a sufficient record with summary judgment. It's not right. Absolutely. We know what the records, the ordinances, we can take judicial notice of the ordinance. It's as plain as the night. What further discovery do you think we need? Well, Hudson says that if it is labeled as civil, that doesn't make it controlling, but it requires clear proof relating to the seven factors which are not conclusive, nor are they exhaustive. You want an injunction and we don't have a First Amendment argument in here. This is not a chilling case. This is just a plain garden variety ordinance. You say it's both. You say it's a civil ordinance and it's a criminal. You're alternatively pleading. Yeah, and both of them you deprive the Alabama courts of the opportunity to pass on your constitutional arguments and you want us to intervene and do it. Do you realize what would happen to our courts if we did that? Well, we'd be flooded with these things. And not only that, we would reject the doctrine of federalism and comedy. You're familiar with all those. That's the whole underpinning. You want an injunction. You want an injunction, you want it stopped. That's your argument. And at the end of the day, we're sitting here as a court of equity and all those concepts come into play. So you can think about it while they're making their argument. Mr. Wells. Mayor, Police Department. Tommy Wells for the Appalese. I'm going to argue a civil ordinance. Your Honor, as to standing, the district court who followed the Hirata and Williams versus Redflex decisions from the Sixth Circuit was correct. And that there is no standing for the procedural due process claims. So can I ask you just a couple of questions, I guess. Hirata and Williams both strike me as pretty off point. Hirata, the plaintiff there as I recall, was challenging in effect the determinations without a hearing even though she hadn't requested a hearing. It was sort of like a targeted challenge. And Williams, didn't the Sixth Circuit actually say there is standing, but it's not right. So the closer case to me has always seemed the Eighth Circuit decision in Hughes, which basically says as to procedural due process, you don't have to march through the whole doggone thing to have standing to challenge it. Williams versus Redflex case was a little different because they did say, but for the non-refundable fee, there will be no standing. And there was a $50 fine and the non-refundable fee was 60, at least the ordinance or the ticket said, you have to pay non-refundable $67.50 in order to appeal. Well, they said because of that, because it was an error on the citation, we're going to find that they're standing. But for that, we would find there's no standing. And then they went on to say, but it's not right. So Williams, it's dicta in that case, but it does say standing. So what do you say about Hughes? Hughes, Your Honor, clearly I think says there is standing, but interestingly enough, what occurred in the Hughes versus Cedar Rapids case actually moves me to the merits. Because in the Eighth Circuit, the Hughes case, the district court had dismissed the procedural due process claims on standing grounds. On appeal, the court of appeals, while finding the district court erred in finding no standing, clearly the Hughes case is against me on standing. They went on to uphold the dismissal of all these claims on the merits, finding no due process violation. And that's where I move to my next. Why in the world would we even entertain it as beyond me? In terms of... Yes, the merits in a case like this. How does this differ from a situation in which a highway patrolman with a gun clocks your car, can't catch you, but they got the license plate, they issue a warrant, and it goes through the same proposition? Yes, sir. And not only that, is there any difference? Well, if... And not only that, the ordinance or whatever it is, says you can go to court and have a trial de novo. Yes, under the highway patrol... And require the highway patrol to prove everything out. Correct. Under the Alabama Uniform Traffic Code, if the highway patrolman gets you with a speed gun, that is a misdemeanor. That's clearly a crime. Well, forget the crime. Forget this. It's not a crime. Whatever it is, whatever label you put on it, there's no difference, is there? The only difference is, rather than the highway patrolman's testimony, we got a photo... The highway patrolman has got his gun recording on the one hand, and the other hand, they got a picture. Correct. Correct. And beyond that, the level of the penalty would be different, because for the highway patrolman, you're subject to incarceration. Whatever the case. Here, you're not. It's only a fine. So, Your Honor, our position is that even if the appellants have said... Are you familiar with Hickley-Humphrey? Your Honor, had I... Maybe not. We have ironclad rules. Okay. You've got a criminal matter, and you have constitutional arguments in state court. Forget what state court. They just raise them constitutional arguments, and there is a state court that, in effect, convicts you. We won't hear the case under 1983, because the only remedy is habeas corpus. We just don't do that. You're familiar with Rooker-Feldman? Yes. Rooker-Feldman, as you go to... You have an apparatus in state court, you raise your issues, and we're not going to hear them over again. Take it in the Supreme Court of Alabama. I'm saying that, Your Honor. They did not take it to circuit court, where they would have been... They just want to bypass the judicial system in Alabama, and come here, and have us decide the case in advance. I mean, making things simple, isn't that what it is? I think, essentially, yes, Your Honor. But their first count was arguing this is a criminal... This is a shotgun complaint that is terrible. They got nine counts. They got 200 and some odd paragraphs in the ninth count. Yes, sir. But it all boils down to this simple little ordinance, doesn't it? It boils down to the ordinance. Little procedure. And, Your Honor, our position is, even if the appellants have standing to challenge the procedural claims, which is all the standing argument was directed to, and all the court ruled on, dismissal of all the claims is still proper on the merits. You want us to pass on the constitutional questions? Yes, sir. You do? Oh, my heavens. If you're not going to do this at all, Your Honor, I'm going to... Well, that sometimes happens. Both sides want us to pass on the constitutional question. Well, Your Honor, I think what Judge Choflatte is suggesting is that you've been arguing all along that this is a civil remedial scheme. If it is, in fact, civil, as you've been arguing, then Heck v. Humphrey does not apply. Correct. However, Rooker-Feldman may apply. Correct. And so both of those may independently bar consideration of the merits. So you may think you win if we get to the merits, and Judge Choflatte is suggesting that there may be arguments before you... Somewhere between standing, which we'll call fully jurisdictional, and the merits, there may be some kind of sub-jurisdictional cause of action kind of thing going on. Well, Your Honors, if you wish to dismiss the case under either Heck or Rooker-Feldman, we would be certainly happy with that result. If, however, you reach the merits, we think you should determine... It belongs in the Alabama Supreme Court, ultimately, doesn't it? Isn't that common sense? It goes in the circuit court, in the circuit... Well, the Alabama Court of Civil Appeals. That's where it would go. Yes, from the circuit court. Most likely. Which is a court of general jurisdiction in Alabama. Correct. Okay. Correct. Well, if you get to the merits... The circuit court could have entertained this lawsuit in the first place, couldn't it? Yes. Straight out. It would also count in the circuit court. Not a question about it. Either on appeal or... Well, either way, they could have filed this lawsuit before anybody got stopped by the red light in the circuit court. Correct. Okay. Correct. I think, Your Honor, if you get to the merits, the merits analysis should begin with the challenge statute and ordinance are civil or criminal because that would determine the level of process that is due and whether the criminal law constitutional provisions apply. Now, Fifth Circuit found this issue to be such an easy one that it handled it in a single paragraph in the case of Bevis v. City in New Orleans that we cited to the court, where they found not only was it a civil ordinance, but that there was no due process violations and that the criminal... Neither Hecht nor Hemphrey nor Rooker-Feldman were cited in that case. Correct. The court went ahead and did something they shouldn't have done. Perhaps. Perhaps, Your Honor. If you get to the merits, are the defendants in a different position or the petitioners in a different position here? Worthy actually participated in the procedure, but then was confronted with the situation of having to pay almost triple the fine to have the case reviewed. Does that make his case different from the other two? I don't think so, Your Honor. Actually, again, in Bevis case, I believe it was Bevis case, one of the arguments was that in order to challenge, in that case, they would have to file a separate lawsuit. They argued that the expense of filing a separate lawsuit to challenge their, in that case, I think it was a $380 fine, would preclude them from doing an effective challenge. The Fifth Circuit there said that because there was no fundamental interest involved, that that didn't apply, that the state could restrict access to appeals from administrative determination, such as the oppositional fine. And in that case, again, the fine was $380 instead of this. We think, Your Honors, that the statute, clearly the legislature said this is a civil statute. By my count, they used the word civil 58 times in the enabling statute. So then you move to- You want us to certify this question to Alabama Supreme Court? Your Honor. Well, let's suppose we were divided on whether it's criminal or civil, and so we're going to ship it to the Alabama Supreme Court. And then maybe the Supreme Court of the United States, and come back down here all over this little ordinance. Well, Your Honor, I don't think you need to because I think the fact that this statute is civil is so abundantly clear as a matter of statutory interpretation. They want us to exercise equity jurisdiction to strike the whole thing down. Correct. And they want us to ignore the fact that they ignore the Alabama judiciary. And we are to step in, notwithstanding doctrines of federalism, which are rooted in the Constitution, and comedy, exercise our equity jurisdiction and decide it. That's correct, Your Honor. That's what they're asking. Your Honor, if we get to the civil, versus criminal aspect, the only one of the seven guideposts in Hudson, obviously, we say the statute clearly says it's civil. To overcome legislative intent, the plaintiffs would have to show that the statute is so punitive as to transform it into a criminal penalty, and the seven Hudson guideposts come in. The only guideposts they plead in their complaint, one of the seven, is that similar conduct is also a crime because it's a misdemeanor to run a red light under the Uniform Traffic Code. That alone has been held to be insufficient numerous times, including the Hudson opinion itself said that alone would be insufficient. Looking at the rest of the statute and applying the other factors, I think you can do it by a matter of statutory construction. The affirmative disability or restraint, there's only a monetary penalty, which is not a disability or restraint. Whether it's historically regarded as punishment, monetary penalties are not historically regarded as punishment, as the Hudson case said. Relevance of scienter, none is required here. Retribution and deterrence, clearly deterrence can serve civil goals, but money penalties are not historically regarded as punishment. Rational alternative purpose, the statute clearly says its purpose is public safety, because without the cameras, if you want to cite somebody for a misdemeanor for running a red light, you have to have an officer physically there to watch it. You can't have an officer at every corner 24 hours a day, seven days a week. Finally, is it excessive in relation to the alternative purpose? It's a relatively modest $100 fine, Your Honor. $125 if you appeal and are not successful. We believe that dismissal of the procedural due process claims on the merits was warranted. Again, we cite you to the- Well, they've got a substantive due process claim. They just didn't put it in those colors. They are saying that they mis-exercised the police power by enacting this ordinance. That's a substantive due process claim. They say they didn't have the power to do that. I understand that that might be- No, I mean, that's what they're in effect saying. Well, I have a little- They're a little- Their procedural due process says they got a non-lawyer who starts off. In terms of the appeal, yes, sir. We just heard a case involving Black Lawn. Do you hear that? Yes, sir. Okay. Do you know how that started off? I used to handle a lot of Black Lawn cases. Okay. Yeah. Do you think that was a lawyer? There's an administrator who denied the claim. The director officer's compensation. He's not a lawyer and he's not a judge. That's correct. Okay. That's exactly like the person starts off this little red light thing. That's correct. Okay. And it winds up before a judge. Yes. There's no due process denial in the Black Lawn case. Nothing. It'd be for an ALJ who's a lawyer. Yes. And then it gets them for us. That's correct. Okay. That's correct. Okay. Your Honor, again, I think if you look at the Hughes v. Sigurado's case and the Bevis v. Sigurado's case, you'll see there's no due process violation. And again, it's hard to determine what the complaint says. I think that takes care of counts two, three, and four. Count four is- All the complaints are wrapped into one claim. Yeah. Because they took a shovel and they took all of the allegations and put them in one claim. We've got a thing called shotgun pleading. We don't accept those. You know about that? I do, Your Honor. Okay. I'll read your opinion on that. And I can listen to the argument. That wasn't Mr. Lay that day. I think we have your point. Thank you, Your Honor. If there are any other questions, I'd be glad to answer them in those 25 seconds I have left. Thank you very much. All right, Mr. Walker. First, on the heck issue, this court's been cited to all these red light cases. As best I can tell, that issue has never come up in any of the opinions. And it would be a jurisdictional issue that the court was under a self-enforcing duty to examine. Secondly, I think there's this issue regarding the Alabama court system. First of all, the municipal court doesn't have jurisdiction of this. It does not. It does not have civil jurisdiction if it's a civil matter. The circuit court does not sit as the court of general jurisdiction. Who could have filed this lawsuit in the Alabama circuit court tomorrow or yesterday? The exact same suit, even with the shotgun pleading. You could have filed it in the circuit court. And if you lost, you could go where? Where would you go if you lost? If you lost the case in the circuit court, where would you go? If it was over $100? No, no. It's over $100 because you're seeking the equity. You're invoking the equity jurisdiction of the circuit court. So forget the jurisdiction. It has general jurisdiction in Alabama. You lose the case and where does it go? Well, to the Supreme Court is a direct appeal. To the Supreme Court or the Alabama court of either criminal appeals or civil appeals? Isn't that where it goes? The circuit court, no. Goes straight to the Supreme Court. If we filed this case in state court, assuming they didn't remove it, which they could have. No, no, no. They're not removing the case. Where does it go in Alabama? To the Supreme Court of Alabama. And then where does it go from there? Well, a cert petition to the U.S. Supreme Court. On the ground that the Alabama Supreme Court made an error of constitutional ruling. But to correct something that was said, and that is that this case would go to the Alabama court of civil appeals, it would not. OK, but I'm mistaken. I'm not from Alabama. There's a case. The point I was trying to make is that Alabama would have provided appellate review from the circuit court. OK. If we filed a federal constitutional challenge in state court. Assuming it was not removed and there was an adverse ruling to us, then we have no remedy because Rooker Feldman would be. Oh, no, no. You've got a remedy. You go to the Alabama High Court. But but but then only the state court is passing on the federal. Oh, then you go to the Supreme Court of the United States. That's the whole idea of Rooker Feldman. And state courts pass on federal constitutional issues all day, every day. I'm not suggesting they don't have jurisdiction to do it. But we have a right to pick our forum and we pick this one. If you look at a lot of the cases that were filed, they were removed. I found it interesting that they were removed to federal court. And then an assertion was the federal court didn't have jurisdiction. In terms of the civil versus criminal, the Gilbert case, which is a Missouri case, acknowledges that there are other opinions out there that found it to be criminal. But what we said in our brief holds true. This is not all these red light cases. What do we do about the doctrine of federalism? I don't think this violates. You know about the doctrine? It's rooted in the Constitution. We're going to write an opinion which says the following. We have some plaintiffs who say there's this ordinance that imposes criminal liabilities. We say alternatively it imposes civil liabilities. This is what the opinion says. We write and we say they deliberately refuse to go to Alabama circuit court to raise these constitutional questions. And instead, they come to this court, to the federal court, and they want the federal court to exercise equity jurisdiction and then join the enforcement of this statute. And that's how the opinion writes. And they have thumbed their nose at the doctrine of federalism. And they're asking the federal court to exercise equity jurisdiction and ignore the deliberate bypass, I'll put it, of an Alabama system. What do you think that would look like if we put it in print? I think it would be consistent with Patsy. You think it would be well received? I think it would be consistent with Patsy that you do not have to exhaust. I'm not talking about exhausting. I'm not talking about exhausting. You follow me? The only way we can get there, Your Honor, is to start out in a municipal court with no jurisdiction and then take an appeal. No, no. You could have filed this lawsuit in the Alabama circuit court. You've admitted that. But you don't want to do that because you think you're going to lose. No, sir. Oh, heavens. That's a constitutional claim. I know. Okay. Court will be in recess until nine in the morning. All rise.